# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**PHILIP CHRYSANTHUS,**            CASE NO. 3:25 CV 895

    Plaintiff,

    v.                                          JUDGE JAMES R. KNEPP II

**DAVEN E. STEDKE,**

    Defendant.                    **MEMORANDUM OPINION AND ORDER**

## BACKGROUND

*Pro se* Plaintiff Philip Chrysanthus filed an *in forma pauperis* civil complaint in this case against Daven E. Stedke and "Allen County Defendants." (Doc. 1).

His Complaint does not set forth cogent factual allegations or legal claims. Although his Complaint refers to "Title VIII" (presumably of the Fair Housing Act) and Fed. R. Civ. P. 64(b) (pertaining to seizing a person or property) in connection with property (located at 4610 South Dixie Highway in Lima, Ohio) and an allegedly retaliatory "Lease Agreement," the only basis he sets forth in his Complaint for his claims is that "Defendants" are "Terrorists" and "use social media as a form of Retaliation against [him]" and "bring innocent people Undo Burdon [sic] to themselves and their families resulting from acts of Terrorism." *Id.* at 1. He "[d]emands monetary relief for victims and their families" pursuant to the "Terrorism Act of 911" on the basis Defendants are "terrorists" who engaged in "dangerous, unjust use of social media." *Id.* at 2.

## STANDARD OF REVIEW

Although *pro se* complaints are entitled to liberal construction and are held to more lenient standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364,

365 (1982), the lenient treatment generally accorded *pro se* pleadings "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to construct claims on their behalf or guess at the nature of their claims. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Federal district courts, moreover, are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to survive a dismissal or failure to state a claim under § 1915(e)(2)(B), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Hill*, 630 F.3d at 470-71 (holding the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals under § 1915(e)(2)(B)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Additionally, to state a claim, a complaint's allegations must be sufficient to give the defendant "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

An action is properly dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And an action is frivolous if it "describes

fantastic or delusional scenarios." *Abner v. SBC (Ameritech)*, 86 F. App'x 958, 958-59 (6th Cir. 2004) (internal quotation omitted).

Upon review, the Court finds that Plaintiff's complaint warrants *sua sponte* dismissal pursuant to § 1915(e)(2)(B). Even affording Plaintiff's complaint the deference to which a *pro se* pleading is entitled, the assertions and rhetoric set forth in the pleading are so unclear or incomprehensible that they fail to meet basic pleading requirements or state any plausible claim upon which he may be granted relief, against any Defendant, in federal court. *See, e.g.*, *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (stating a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief). Further, to the extent it rests on a theory of terrorism in connection with a property lease or leases, it falls within the realm of frivolousness. *See, e.g.*, *Jackson v. Apple*, 2022 WL 4132883 (N.D. Ohio) (dismissing complaint against various corporations, including telecommunications, entertainment, and media companies, alleging claims for fraud, conspiracy, treason, terrorism, invasion of privacy, sex trafficking, and tampering with consumer products); *see also Abner*, 86 F. App'x at 958-59.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is GRANTED; and it is

FURTHER ORDERED that Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: August 6, 2025